UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————

MARYANN COTTRELL, et al.,                   Civ. No. 13-2847 (NLH/KMW)

               Plaintiffs,

      v.                                     **MEMORANDUM OPINION AND
ORDER**


RECREATION CENTER LLC, et
al.,

               Defendants.

———————————————

**HILLMAN, District Judge**

This matter having come before the Court by way of <u>pro se</u> Plaintiff Richard G. Holland's motion [Doc. No. 8] for reconsideration of the Court's August 27, 2013 Order [Doc. No. 7] denying Plaintiff Holland's previous request to reconsider the Court's June 7, 2013 Order denying his application to proceed without the prepayment of fees in this action and directing Plaintiff to pay the filing fee in this case; and

The Court recognizing that in this district, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides in relevant part, that "[a] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  L. Civ. R. 7.1(i).  Rule 7.1(i) further

provides that the party moving for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]"  L. Civ. R. 7.1(i); and

The Court noting that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly.'"  Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co., No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)); and

The Court further noting that the purpose of a motion for reconsideration "'is to correct manifest errors of law or fact or to present newly discovered evidence.'"  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); and

The Court also recognizing that in seeking reconsideration, the moving party bears a heavy burden and the motion can only be granted if the party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need

to correct a clear error of law or fact or to prevent manifest injustice." Id.; and

The Court further noting that on September 30, 2013, Plaintiff Holland submitted to the Clerk of Court for filing a letter detailing his financial situation and attaching several personal financial documents; and

The Court observing that such personal financial documents are not properly submitted in support of an application to proceed without the prepayment of fees and should not be filed on the public docket; and

The Court finding the most efficient course of action at this point is to: (1) grant Plaintiff Holland's motion for reconsideration; (2) permit him to file a new application to proceed in forma pauperis and a supporting affidavit in the form available from the Clerk of Court which accurately avers all required financial information and does not attach any extraneous, personal financial documents;[1] and (3) return the

---

[1]    The Court notes that Plaintiff Holland has previously filed inconsistent applications and affidavits regarding his finances before this Court and others when seeking to proceed without the prepayment of fees.  Plaintiff Holland is reminded that the affidavit offered in support of an application to proceed in forma pauperis is signed under the penalty of perjury.  Except in the case of changed financial circumstances, Plaintiff Holland is on notice that his application to proceed in forma pauperis in this case should be accurate, truthful, and

originals of the September 30, 2013 letter and the attached financial documents to Plaintiff Holland.  Upon receipt of Plaintiff Holland's renewed application, the Court will make a final determination as to his ability to proceed without the prepayment of fees.

Accordingly,

IT IS on this   2nd   day of   April   , 2014, hereby

**ORDERED** that Plaintiff Richard G. Holland's motion [Doc. No. 8] for reconsideration shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiff Richard G. Holland shall file his renewed application to proceed in forma pauperis and an affidavit in support thereof, within **twenty days** (20) of the date of this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk is directed to return the originals of Plaintiff's September 20, 2013 letter and its attachments to Plaintiff Holland via first-class mail.


                                    s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

consistent with any such application filed in any other case before this Court and others.

4