UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
MARYANN COTTRELL AND          :
RICHARD G. HOLLAND,           :
                              :   Civ. A. No. 13-2847(NLH/KMW)
          Plaintiffs,         :
                              :
     v.                       :
                              :   OPINION
RECREATION CENTER LLC, et al.,:
                              :
          Defendants.         :
```

**APPEARANCES:**

MARYANN COTTRELL
RICHARD HOLLAND
31 S. ACADEMY STREET
GLASSBORO, NJ 08028
    *Pro Se Plaintiffs*

**HILLMAN**, District Judge

Presently before the Court is a motion for default judgment. Plaintiffs served Defendant Recreation Center LLC on January 9, 2015 [Doc. No. 20]. On October 26, 2015, Plaintiffs requested, and the Clerk entered, default against Defendant Recreation Center LLC. On December 11, 2015, Plaintiffs filed the instant motion for default judgment. For the reasons expressed below, Plaintiffs' motion will be denied.

I.   JURISDICTION

The Court exercises original jurisdiction pursuant to 28

1

U.S.C. § 1331 over the federal claim asserted in this case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 <u>et seq.</u> The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claim based on an alleged violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:6-1 <u>et seq.</u>

**II. BACKGROUND**

As set forth in the complaint, Plaintiff Maryann Cottrell ("Cottrell") is the mother of a severely disabled daughter, and Plaintiff Richard Holland ("Holland") serves as a secondary caregiver to Cottrell's daughter. Plaintiffs are frequent litigants in this Court. Typically, Plaintiffs "assess[] and document parking access at public accommodations that they come into contact during their daily services." (Compl. ¶ 14.) After documenting violations, they bring federal complaints in this Court, which are generally resolved in the defendant's favor or settled. <u>See</u> <u>Cottrell, et al. v. Good Wheels, et al.</u>, No. 08-1738 (summary judgment granted for Defendants where Plaintiffs offered no evidence that Defendants' decision to ban Plaintiffs from business premises for disrupting customers was pretextual); <u>Cottrell, et al. v. Rowan University, et al.</u>, No. 08-1171 (summary judgment granted for Defendants on Plaintiffs' retaliation claims (and all other claims) because they did not

2

show their ban from campus was a result of their protected activity, rather ban from campus was based on ten documented incidents over the course of three months where Plaintiffs acted hostile, harassing, disruptive, and aggressive to Rowan University staff, students, and visitors, including a nine year old child, a diabetic pregnant woman, and a student with spinal meningitis); <u>Cottrell, et al. v. Heritages Dairy Stores Inc.</u>, No. 09-1743 (case settled after retaliation claims were dismissed for lack of standing; Plaintiffs permitted to amend complaint); <u>Cottrell, et al. v. Bob's Little Sport Shop, Inc.</u>, No. 09-1987 (Defendant's motion to dismiss granted because Plaintiffs lacked standing); <u>Cottrell, et al. v. Duffield's Inc., et al.</u>, No. 14-3309 (stipulated dismissal); <u>Cottrell, et al., v. Murphy's Auto Care and Performance Center, et al.</u>, No. 14-4831 (complaint dismissed in part because Plaintiffs lacked standing); <u>Cottrell, et al. v. Glassboro Public School</u>, No. 06-1163 (case administratively terminated); <u>Cottrell, et al. v. Dante J. Masso & Sons, Inc.</u>, 08-1700 (case settled); <u>Cottrell, et al. v. Long Self Storage Inc., et al.</u>, No. 08-2827 (case settled); <u>Cottrell, et al. v. Zagami, LLC, et al.</u>, No. 08-3340 (summary judgment granted for Defendants because Plaintiffs' disruption of business operations was the reason for the property ban and Plaintiffs could not establish the causal connection prong of their

retaliation claims); Cottrell, et al. v. J&R Discount Liquor Gallery, No. 08-5418 (case settled); Cottrell v. Woodbury Nissan, et al., No. 09-240 (case settled); Cottrell, et al. v. Matt Blatt, Inc., No. 11-610 (case settled); Cottrell, et al. v. Fosters, et al., No. 11-6662 (case settled); and Cottrell, et al. v. Norman, et al., No. 12-1986 (case dismissed, among other reasons, for lack of standing; motion for sanctions against Plaintiffs pending); Holland v. Deptford Mall Security, et al., No. 09-714 (summary judgment granted for Defendants because they did not ban Plaintiff from the mall, rather, police asked Plaintiff to leave); Holland v. Terra Nova, et al., No. 06-4599 (summary judgment *sua sponte* entered in favor of Defendants); Holland v. Murphy's Auto Care and Performance Center, et al., No. 14-4831 (Defendants' motion to dismiss granted because Plaintiff lacked standing).[1]

In many cases, business owners and university campuses complain of Plaintiffs' harassing conduct towards customers and the public while documenting alleged parking violations. See, e.g., Cottrell, et al. v. Good Wheels, et al., No. 08-1738;

---

[1] Additionally, there are four other cases pending: Cottrell v. Wawa Inc., No. 14-7159; Cottrell, et al. v. Family Practice Associates at Washington PA, et al., No. 15-2267; Cottrell, et al. v. Nicolson Properties LLC, et al., No. 12-2128; Cottrell v. United Park Service, et al., No. 16-1689.

Cottrell, et al. v. Rowan University, et al., No. 08-1171;

Cottrell, et al. v. Norman, et al., No. 12-1986.

In this case, on May 3, 2011, Plaintiffs observed a truck parked across four handicapped spaces at the Glassboro Bowl and Recreation Center. (Compl. ¶¶ 19-22.) Plaintiffs allege that when documenting this parking violation a man identified himself as the manager of the property and stated: "I'll take care of this, I want you off the property. I want you never to come back." (Compl. ¶ 21.) Plaintiffs further allege:

> 25. Ms. Cottrell has been to Glassboro Bowl and Recreation Center to inquire regarding Birthday Party information[.]
>
> 26. Ms. Cottrell would like to go bowling and visit Kegler's bar.
>
> 27. Mr. Holland has been a past customer[.]
>
> 28. Mr. Holland would like to go bowling and visit Kegler's bar.

(Compl. ¶¶ 25-28.).

### III. DISCUSSION

Before the Court can reach the question of whether Plaintiffs are entitled to default judgment, it must be determined whether this case satisfies the threshold jurisdictional requirement of standing. Pub. Interest Research Grp. of N.J., Inc. v. Magnesium

Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997). A plaintiff must establish his or her standing to bring a case in order for the court to possess jurisdiction over his or her claim. Id. The party invoking federal jurisdiction bears the burden of establishing standing "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

To establish standing, Plaintiffs must demonstrate that (1) they "suffered an injury in fact, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural, or hypothetical"; (2) there is a "causal connection between the injury and the conduct complained of-the injury has to be fairly ... traceable to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court"; and (3) "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); see also Anjelino v. N.Y. Times Co., 200 F.3d 73, 88 (3d Cir. 2000) ("Standing is established at the pleading stage by setting forth specific facts that indicate that the party has been injured in fact or that injury is imminent, that the challenged action is

causally connected to the actual or imminent injury, and that the injury may be redressed by the cause of action.")

To establish a real and immediate threat of future injury, courts in this Vicinage require Plaintiffs to adequately allege both "prior patronage of and a concrete desire to continue to patronize Defendants[']" business establishment." See, e.g., Cottrell v. Matt Blatt, Inc., No. 11-610, 2011 WL 2975482, at *4 (D.N.J. July 21, 2011) (concluding that Holland and Cottrell "demonstrated that they suffered an injury in fact" where they asserted (1) prior patronage of a car dealership for their own shopping needs and to accompany friends purchasing cars, and (2) a concrete desire to continue to patronize the dealership in order to browse inventory, compare pricing, or make an offer on a car); see also Cottrell v. Zagami, LLC, No. 08-3340, 2010 WL 2652229, at *2 (D.N.J. June 23, 2010) (finding that "[b]ecause Plaintiffs have alleged past patronage [(previously dining at that establishment)] and a concrete desire to dine at Defendant's nearby establishment in the future [(including to accompany friends who dine there)], the Court is satisfied that Plaintiffs have standing to bring this suit").

However, in circumstances where Plaintiffs have failed to adequately allege facts supporting the real and immediate threat of future injury, several courts have dismissed these complaints

without prejudice for lack of standing with respect to one or both Plaintiffs.  See, e.g., Bobs Little Sport Shop, 2010 WL 936212, at *3-4 (D.N.J. March 11, 2010) (dismissing Plaintiffs' retaliation claims under the ADA and the NJLAD without prejudice based, in part, on Plaintiffs' failure to allege concrete plans to return to the sports shop); Cottrell v.. Good Wheels, No. 08-1738, 2009 WL 3208299, at *5-6 (D.N.J. Sept. 28, 2009) (dismissing the amended complaint without prejudice as to Cottrell because the court was "not satisfied that [she] suffered an injury in fact as a result of having her business-invitee status revoked" since she failed to alleged that she "ever entered the Good Wheels facility at any time in the past" or that "she intend[ed] to do so at any time in the future"); see also Heritages Dairy Stores, 2010 WL 3908567, at *4 (D.N.J. Sept. 30, 2010) (dismissing Cottrell and Holland's retaliation claims without prejudice for lack of standing relying on Bobs Little Sport Shop); Cottrell v. Nicholson Properties, LLC, No. 12-2128, 2013 WL 6860821, at *7 (D.N.J. Dec. 23, 2013) (dismissing Cottrell and Holland's retaliation claims without prejudice because their plans to return to the business were "simply conclusory 'some day' intentions").

Here, Plaintiffs' complaint alleges: (1) Cottrell once visited the Glassboro Bowl and Recreation Center to inquire about

a birthday party; (2) Holland has been "a past customer"; and (3) Cottrell and Holland would like to go bowling and visit Kegler's bar. (Compl. ¶¶ 25-28.) For the same reasons articulated in Nicholson Properties, Plaintiffs have alleged only the nondescript, unspecified "some day" intentions that the Supreme Court rejected in Lujan. 504 U.S. at 564 (rejecting "affiants' profession of an 'inten[t]' to return to the places they had visited before — where they will presumably, this time, be deprived of the opportunity to observe animals of the endangered species — [as] simply not enough [to allege injury]. Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be — do not support a finding of the 'actual or imminent' injury that our cases require."). Plaintiffs fail to describe actual specific plans for future patronize the Glassboro Bowl and Recreation Center.

Further, Plaintiffs' allegations regarding past patronizing of the Glassboro Bowl and Recreation Center also lack sufficient detail and specificity. For these reasons, as currently alleged in Plaintiffs' complaint, the alleged revocation of Plaintiffs' business invitee status has not caused Plaintiffs "concrete and particularized" and "actual or imminent injury." Plaintiffs have thus not met their burden of demonstrating that they have

standing to bring these claims.  Accordingly, Plaintiffs' motion for default judgment will be denied because the Court does not have jurisdiction to hear this case as currently alleged in the complaint.

## IV. CONCLUSION

Consequently, for the reasons expressed above, Plaintiffs' motion for default judgment against Defendant Glassboro Bowl and Recreation Center [Doc. No. 27] will be denied.  An appropriate Order will be entered wherein Plaintiffs must show cause why this case should not be dismissed for lack of standing.


Date: April 28, 2016                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.